MEECH and others *vs.* BENNETT.

Plaintiff was liable as an accommodation acceptor to pay a draft made by M., who confessed a judgment in plaintiff's favor to secure him. Defendant agreed to pay the amount for which plaintiff had accepted, if he would not bid at a foreclosure sale of premises belonging to M., but allow defendant to buy them in, and M. consented to the arrangement. *Held*, that the agreement was illegal and void, as resulting in a combination to prevent competition at an auction sale; and the fact that M. consented to the arrangement does not legalize it.

ASSUMPSIT. The first count sets forth that the plaintiffs were accommodation acceptors of a certain draft of $1,200, drawn by one Maynard; that said Maynard, the drawer and for whose accommodation they accepted, became insolvent and unable to pay the draft at maturity, on which account they stood liable to pay the same; that said Maynard was also indebted to them for moneys advanced to and for his use, &c.; and for the purpose of securing them for the aforesaid liabilities and advances, he confessed a judgment in the supreme court for $30,000. That afterwards, to wit, on the 8th February, 1838, one Grove Lawrence, a master in chancery, was about to sell certain premises on a decree of fore-

closure of a mortgage against said Maynard, upon which the plaintiffs would be entitled by virtue of their judgment to the surplus moneys, if any, after satisfying the mortgage, &c. That they were in attendance at the place of sale for the purpose of bidding upon and purchasing in said premises, with a view to protect their interest; and that thereupon the said defendant, well knowing the liability of and indebtedness to the said plaintiffs and of their intention to purchase, proposed and agreed to and with them, that if they would not bid upon the said premises on the master's sale, but allow him, the said defendant, to purchase them, he would *in consideration thereof* pay the said draft, which the said plaintiffs were then liable to pay. To all which they then and there agreed and did refrain from bidding, with the knowledge and assent of said Maynard, the mortgagor; and did then and there allow the defendant to purchase in the said premises; that they were well worth, over and above the purchase money, the amount of the draft in question; and that the defendant has refused to pay the same though often requested. The second count is substantially like the first. The defendant demurred. Joinder.

*By the Court*, NELSON, Ch. J. The contract is illegal and void within established principles; as resulting in a combination to prevent competition at an auction sale, and thus sacrifice the property of the debtor to the prejudice of himself and his other creditors. It is against good morals and sound policy, and can not receive the sanction of a court of justice. The fact that the debtor in this case assented to the agreement does not meet or avoid the evil. The other creditor or creditors, generally, are interested in the question. (*Jones* v. *Caswell*, 3 Johns. Cas., 29; *Thompson* v. *Davies*, 13 Johns., 112.)

Judgment for the defendant on demurrer.